UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>RAYMELL LAMAR EASON,<br><br>             Defendant. | CR. NO. 2:12-241-1 WBS DB<br><br>ORDER RE: MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) |

----oo0oo----

On July 29, 2013, defendant Raymell Eason pled guilty to: (1) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); and (2) interference with commerce by attempted robbery, and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2.  (See J. at 1 (Docket No. 63); Docket No. 34.)  The court sentenced defendant to 210 months in prison.  (Id. at 2.)

Defendant now moves to reduce his sentence under Federal Rule of Civil Procedure 60(b), arguing that: (1) his presentence report ("PSR") overstated the amount of money he

1

targeted in his attempted robbery; (2) the court applied the wrong sentencing guideline in sentencing him; and (3) "[t]he U.S. Prosecution Hoodwink[ed] and Bamboozoled the Probation Department, the Court, the defendant and defendants counsel with its plea agreement." (Def.'s Mot. (Docket No. 80).) The government has filed an opposition to the motion.

Motions under Rule 60(b) "must be made within a reasonable time" and, in the case of requests for relief based on "fraud" or "mistake," "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b) and (c). Defendant's Motion, which is based on alleged fraud and mistake, was filed more than one year and ten months after the court entered judgment sentencing him to prison. (Compare J. (entered on Nov. 3, 2014), with Def.'s Mot (filed on Sept. 19, 2016).) Accordingly, the court will deny defendant's Motion as untimely.

Moreover, defendant's Motion also fails on the merits. First, defendant offers no evidence in support of his claim that the amount targeted in his attempted robbery was "$205,000" and not "$265,041.90," as stated in the PSR. He did not object to the PSR's finding with respect to amount targeted at the time of sentencing. (See Docket No. 53.) Second, the court did not err when it applied U.S.S.G. § 2B3.1 in sentencing defendant. The commentary of section 2B3.1 states that section 2B3.1 applies to crimes charged under 18 U.S.C. § 1951, the statute defendant pled guilty to violating. (J. at 1.) Third, defendant provides no facts in support of his claim that the government "Hoodwink[ed] and Bamboozoled" him into signing his plea agreement. He

2

confirmed, in writing and orally, that he reviewed the agreement with his attorney, understood the agreement, and understood that he was agreeing to serve as many as 240 months in prison. (See Docket No. 34; Docket No. 60 at 2-3; Docket No. 61.)

IT IS THEREFORE ORDERED that defendant's Motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Docket No. 80) be, and the same hereby is, DENIED.

Dated: November 21, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE