UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>RAYMELL LAMAR EASON,<br><br>Movant. | No. 2:12-cr-00241 WBS DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant seeks to reserve his rights based on two Supreme Court rulings. Presently before the court is movant's motion to reserve his rights (ECF No. 73), the government's opposition (ECF No. 78), and movant's request for transcripts (ECF No. 88). For the reasons set forth below the court will recommend that his motion be denied.

**FACTS AND PROCEDURAL BACKGROUND**

**I.     The Indictment**

On June 28, 2012 movant was indicted by a grand jury for violating 18 U.S.C. §§ 1951 and 2. (ECF No. 11.) Movant and his co-defendant were later charged with the same offenses in a Superseding Indictment. (ECF No. 22.) The indictment specifically alleged that defendant and

////

1

his co-defendant conspired to obstruct, delay, and affect commerce and did obstruct, delay, and affect commerce by robbery.

## II.     The Offense[1]

Movant and a co-defendant attempted to rob a Garda armored car as it picked up a scheduled delivery from a Wal-Mart store. Movant used a taser stun gun in commission of the offense. After tasering the armored car guard and attempting to take the bag containing cash and deposits, movant fled the scene. He was located by officers and apprehended within minutes of the incident.

## III.    Plea and Sentencing

On July 29, 2013, movant pled guilty pursuant to a written plea agreement and Rule 11(c)(1)(C) to conspiracy to interfere with commerce by robbery (count 1) and interference with commerce by attempted robbery (count 2) pursuant to a plea agreement. (ECF No. 36.) Movant was sentenced to 210 months in prison for each count, to be served concurrently, for a total of 210 months imprisonment. (ECF No. 61.) Movant was also sentenced to 36 months supervised release and assessed a special assessment of $200.

## IV.    Collateral Proceedings

Movant filed a motion to seeking to reserve his rights based on two Supreme Court cases, Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (holding the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act violates due process) and Welch v. United States, 136 S. Ct. 1257, 1263 (2016) (holding Johnson announced a new substantive rule that is retroactive on collateral review). (ECF No. 73.) The district judge construed this filing as a motion pursuant to 28 U.S.C. § 2255, directed the United States to file an opposition, and referred this action to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 74, 75.) The government opposes the motion arguing that movant has not filed a substantive petition, his filing fails to specify the relief sought, and the cases cited by movant bear no relation to his sentencing. (ECF No. 78.)

---

[1] The facts below are taken from the written plea agreement and the report prepared in advance of movant's sentencing in this action. (See ECF No. 36 at 15-17; ECF No. 54 at 6-8.)

**LEGAL STANDARDS**

**I.    Legal Standards for Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Baylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing 28 U.S.C. § 2255(b)). Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

**II.    Johnson & Welch**

Under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, a defendant convicted of being a felon in possession of a firearm faces a more severe punishment if he has three or more previous convictions for a "violent felony." Johnson, 135 S.Ct. at 2555 (quoting 18 U.S.C. §

924(e)(2)(B)). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). "Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the 'elements clause'; the first part of the disjunctive statement in (ii) as the 'enumerated offenses clause'; and its second part (starting with 'or otherwise,') as the 'residual clause.'" United States v. Lopez-Galvan, No. 1:99-cr-5338-1-LJO, 2017 WL 3896304 at *1 (E.D. Cal. Sept. 6, 2017) (citing Johnson, 135 S. Ct. at 2563; United States v. Lee, 821 F.3d 1124, 1126 (9th Cir. 2016)).

The Supreme Court held in Johnson, 135 S. Ct. 2555, that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. Welch v. United States, 136 S. Ct. at 1260-61 (2016). The Court reasoned that the language of the residual clause failed to "give ordinary people fair notice of the conduct it punish[ed]," and was therefore unconstitutionally vague. Id. at 2556. The Court later ruled that Johnson announced a new substantive rule which has retroactive effect on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

### III. Discussion

Shortly after the Supreme Court issued its decision in Welch, movant filed a motion requesting to reserve his rights under Johnson and Welch. (ECF No. 73.) Movant did not include any additional arguments in support of his motion for relief.

The government argues that movant was not sentenced pursuant to the ACCA's residual clause, and thus, has no rights to reserve in relation to the cited cases. (ECF No. 78.) The government further argues that while movant was classified as a career offender pursuant to United States Sentencing Guidelines (USSG), his case did not involve the ACCA.

It appears that movant has conflated his classification as a career offender under USSG § 4B1.1 with a sentence pursuant to the ACCA's residual clause. There is nothing in the plea

4

agreement, presentencing report, or sentencing minutes to indicate that petitioner was sentenced pursuant to the residual clause in 18 U.S.C. § 924(e)(2)(B). (See ECF Nos. 36, 54, 56.) Upon review of those documents, the court has determined that movant was classified as a career criminal pursuant to USSG § 4B1.1, and was not sentenced under the residual clause of the ACCA. Thus, he has no rights in relation to his current offense to reserve under Johnson and Welch.

Movant has not specifically argued that § 4B1.1, whose language is nearly identical to the language in the ACCA's residual clause, should also be void for vagueness. However, the Supreme Court heard and rejected such an argument in Beckles v. United States, 137 S.Ct. 886 (2017). The Supreme Court determined that even though the clause in the sentencing guidelines is identical to the residual clause in the ACCA, § 924(e)(2)(b), "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. at 892. The Court reasoned that the Guidelines are not subject to vagueness challenges "because they merely guide the district court's discretion" and because "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." Id. at 874. The Ninth Circuit has also stated that "Johnson did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." United States v. Blackstone, 903 F.3d 1020, 1028 (9th Cir. 2018).

Accordingly, the court finds that movant has not shown that he is entitled to relief and will recommend that movant's motion to reserve his rights be denied.

## TRANSCRIPT REQUEST

Movant has requested "relevant audio transcripts . . . of the sentencing minutes dealing with the misplaced omissions of guideline range of 168 months being the low end, and the high end being 210 months." (ECF No. 88.) He further states that he submits the request to correct the error in his plea and sentencing regarding the omission in the record.

As set forth above, the court finds that movant has not identified any sentencing error that would entitle him to relief. His request for the transcript of his sentencing hearing does not contain any additional details identifying the alleged error. Additionally, movant has not

explained the significance of including the guideline range because he received a sentence (210 months) within the range he describes. The court finds movant has not shown that production of the sentencing audio or transcript is warranted and will therefore deny his request without prejudice.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that movant's motion requesting transcripts (ECF No. 88) is denied without prejudice; and

IT IS HEREBY RECOMMENDED that movant's motion to reserve his rights under § 2255 (ECF No. 73) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/easo0241.ord/fr