UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-241 WBS |
| Plaintiff, | |
| v. | ORDER |
| RAYMELL LAMAR EASON, | |
| Defendant. | |

----oo0oo----

Defendant Raymell Lamar Eason has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)[1], as well as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Docket No. 94.)[2]

---

[1] Defendant represents, and the government agrees, that he has exhausted his administrative remedies, as more than thirty days have passed since he filed a request for compassionate release to his warden.

[2] In light of defendant's representation that he did not receive the government's opposition (see Docket No. 103), the court granted defendant thirty days to file an amended reply (Docket No. 104), though no such amended reply was filed within

1

1         The court recognizes that defendant is obese and
2    prediabetic, has asthma and kidney disease, and is housed at FCI
3    Lompoc, which has had numerous inmates test positive for the
4    coronavirus, including defendant.  Nevertheless, defendant is
5    only 50 years old, and it appears that the Bureau of Prisons has
6    been able to sufficiently treat his medical conditions, including
7    his diagnosis of COVID-19.  There is no showing that defendant
8    would receive any better treatment for his conditions if he were
9    to be released than he has received, and will continue to
10   receive, while in confinement.
11        Overall, defendant has not shown that his obesity and
12   chronic conditions, along with the COVID-19 pandemic, qualify as
13   extraordinary and compelling reasons for release under 18 U.S.C.
14   § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  <u>See, e.g.</u>, <u>United States
15   v. Williams</u>, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal.
16   June 19, 2020) (defendant's confinement at FCI Lompoc and
17   diagnosis of hypertension along with other medical history and
18   prevalence of COVID-19, was insufficient to show extraordinary
19   circumstances under 18 U.S.C. § 3582(c)(1)(A)).  Accordingly, the
20   court will deny defendant's request for compassionate release
21   under 18 U.S.C. § 3582(c)(1).
22        Defendant also contends that he is entitled to a
23   sentence reduction under 18 U.S.C. § 3582(c)(2) because the court
24   did not apply Amendment 791 when calculating his sentencing range
25   under the United States Sentencing Guidelines.  However,
26   defendant was sentenced on November 3, 2014, and Amendment 791

28   thirty days.

did not take effect until November 1, 2015 and does not apply retroactively.  See United States v. Ioane, No. 1:09-cr-00142 LJO, 2018 WL 1784283, at *2 (E.D. Cal. Apr. 13, 2018), aff'd, 749 F. App'x 567 (9th Cir. 2019) (denying § 3582(c)(2) motion by defendant sentenced before Amendment 791 took effect).[3]  Accordingly, defendant's motion for relief under § 3582(c)(2) will be denied.

IT IS THEREFORE ORDERED that defendant's motion for compassionate release under § 3582(c)(1) and a reduction of sentence under § 3582(c)(2) (Docket No. 94), be, and the same hereby is, DENIED.

Dated:  December 18, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Amendment 791 amended the monetary loss table in U.S.S.G. § 2B1.1 to account for inflation.  Ioane, 2018 WL 1784283, at *2.

3