PHILLIP A. TALBERT
Acting United States Attorney
MICHELLE RODRIGUEZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMELL LAMAR EASON,<br><br>　　　　　　　Defendant. | CASE NO.  2:12-CR-00241-WBS<br><br>UNITED STATES' SUPPLEMENTAL BRIEF |

Defendant Raymell Eason has not met the standard for compassionate release set forth in 18 U.S.C. § 3582(c)(1)(A)(i), as clarified by the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).  For the reasons set forth herein and in the United States' Opposition to Eason's previous compassionate release motion, Docket No. 98, Eason has not met his burden for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

**I.　　BACKGROUND UPDATE RE MEDICAL AND PRISON CONDITIONS**

Eason's updated medical records indicate that he is currently being treated for asthma, chronic kidney disease (stage 3, unspecified), prediabetes, and obesity (BMI 39.0-39.9).  Exhibit 1 at 36-37 (Updated BOP Medical Records Filed Under Seal).  The records also indicate Eason is fully vaccinated against COVID-19, with his first dose of the Pfizer-BioNTech vaccine occurring on May 28, 2021 and the second dose occurring on June 17, 2021.  *Id.* at 43.  Eason's updated medical records show that BOP

is monitoring and treating him as needed. They also show that his health conditions are controlled and stable. *Id.* at 6. His most recent A1C Hemoglobin measurement (taken April 21, 2021) was 6.0, within the normal range. *Id*. at 60.

## II.   ARGUMENT

### A.   Under *Aruda*, U.S.S.G. § 1B1.13 Provides Important Guidance to District Courts.

Following the Court's December 2020 Order denying Eason's motion for compassionate release, Docket No. 105, the Ninth Circuit decided *United States v. Aruda*, 993 F.3d 797 (9th Cir. Apr. 8, 2021) (*per curiam*). In that decision, the Ninth Circuit held that district courts are not bound by the Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 when deciding whether a defendant has demonstrated extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A). Those policy statements, the Court held, "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." 993 F.3d at 802 (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

The Ninth Circuit did not hold in *Aruda* that district courts must ignore § 1B1.13 altogether in deciding compassionate release motions brought by prisoners. Instead, § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 2021 WL 1307884, at *4 (citing *Gunn*, 980 F.3d at 1180).

As the Seventh Circuit noted in *Gunn*, "[T]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive." 980 F.3d at 1180 (citation omitted); *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020) (holding that, while § 1B1.13 is not binding when prisoners move for compassionate release, "it remains helpful guidance even when motions are filed by defendants"). The United States submits that using the Commission's statements for guidance makes sense, especially since *Aruda* does not supply an alternative standard or approach for deciding whether a defendant's circumstances are "extraordinary and compelling."

///

B. **Using *Aruda* as guidance, Eason Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.**

Looking to §1B1.13 for guidance, or simply interpreting "extraordinary" and "compelling" as those terms are commonly understood, Eason has not shown that extraordinary and compelling reasons justify his release. He does not, therefore, qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which provides for compassionate release only if a Court finds that "extraordinary and compelling reasons warrant such a reduction."

The United States hereby incorporates its arguments set forth in Docket No. 98. The United States submits the following additional arguments that this Court should continue to deny Eason's motion for compassionate release.

Eason's COVID-19 Risk is Low. Eason's compassionate release motion focused on the risks that COVID-19 poses to Eason in light of his debilitated medical conditions. *See* Docket No. 94 at 3 ("stage 2 kidney disease, high blood pressure, prediabetes, and obesity"). As this Court found in its prior Order, Eason did not meet his burden of showing that his health conditions and the COVID-19 situation at Lompoc amounted to extraordinary and compelling reasons for release. Docket No. 105 at 2-3. And since the Court issued its Order in December of 2020, Eason's risk from COVID-19 has decreased for two reasons.

First, currently there is one staff member reported positive for COVID-19 at Lompoc FCI (566 Lompoc FCI inmates have recovered from COVID-19, and, tragically, three inmates died). *See* https://www.bop.gov/coronavirus/. Lompoc FCI has a total reported population of 714 federal offenders. https://www.bop.gov/locations/ci/rvs/.

Second, Eason received his first Pfizer COVID-19 vaccine on May 28, 2021, and his second shot on June 17, 2021. Exhibit 1 at 4. He is thus fully vaccinated against the virus. *United States v. Barajas-Guerrero*, No. 1:17-cr-00148-NONE, 2021 WL 1839728, at *6 (E.D. Cal. May 7, 2021) (citation omitted). "At this point, medical evidence strongly suggests that fully vaccinated individuals . . . are protected against becoming severely ill or dying from COVID-19." *Id.* (citation omitted).

Additionally, Eason's updated medical records show that his health conditions are all controlled, he is stable, and that the medical staff at Lompoc FCI is monitoring and treating his health conditions as

RESP. BR. AFTER REMAND　　　　　　　　　　　3

needed.  *See generally* Exhibit 1.

### III. CONCLUSION

Eason's original briefing in support of compassionate release did not demonstrate extraordinary and compelling conditions for release, and events since then (his vaccination against COVID-19, and the lack of current inmate cases of the virus at his facility) have reduced the risk COVID-19 poses to him. Additionally, Eason's medical records show that his health conditions are being monitored and treated and are under control.  Accordingly, Eason has not met the standard for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

Dated:  September 7, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ MICHELLE RODRIGUEZ
MICHELLE RODRIGUEZ
Assistant United States Attorney