UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-241-01 WBS |
| Plaintiff, | |
| v. | ORDER |
| RAYMELL LAMAR EASON, | |
| Defendant. | |

----oo0oo----

After this court denied defendant's motion for compassionate release, defendant appealed and the Ninth Circuit remanded the case for further consideration under the standard set forth in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

In the court's December 21, 2020 order denying defendant's motion, the court noted defendant's various medical conditions, including his prior positive test for COVID-19, as well as the prevalence of COVID-19 at FCI Lompoc, where he is housed. However, the court noted that the defendant at the time

1

was only 50 years old, and determined that the Bureau of Prisons had been able to sufficiently treat his medical conditions, including his diagnosis of COVID-19.  Ultimately, the court determined that defendant had not shown that "his obesity and chronic conditions, along with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13."  (Docket No. 105.)

The court recognizes that § 1B1.13 is not binding on this court, though it "may inform a district court's discretion for § 3582(C)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).  According, the court considers the Sentencing Commission's policy statements in deciding the instant motion.

Given all of the relevant factors, including those previously discussed by the court, defendant's updated medical history, his race, his vaccination against COVID-19 completed on June 17, 2021, and the continuing risks of the COVID-19 pandemic, the court once again determines that defendant has not shown that his medical conditions along with the COVID-19 pandemic qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A).  Accordingly, defendant's motion for compassionate release (Docket No. 94) is DENIED.[1]

---

[1] The Ninth Circuit's remand in this case does not appear to affect the court's prior determination that defendant did not qualify for a sentence reduction under 18 U.S.C. 3582(c)(2) based on a purported failure to apply Amendment 791 when calculating his sentencing range.  The parties also did not address this request for relief in their supplemental briefing on remand. Nevertheless, the court once again finds that defendant is not entitled to relief under § 3582(c)(2), for the reasons stated in the court's December 21, 2020 order.

IT IS SO ORDERED.

Dated: October 28, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE