UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>RAYMELL LAMAR EASON,<br><br>             Defendant. | No. 2:12-cr-241-01 WBS<br><br><br>ORDER |

----oo0oo----

          Defendant Raymell Lamar Eason has filed a motion for relief under 28 U.S.C. § 2255.  (Docket No. 142.)  Defendant pled guilty to violations of 18 U.S.C. § 1951(a), conspiracy to interfere with commerce by robbery, and 18 U.S.C. §§ 1951(a) and 2, interference with commerce by attempted robbery and aiding and abetting.  (Docket No. 34.)  Defendant was sentenced to 210 months.  (Docket NO. 63.)

I.   Crime of Violence

          Defendant's first argument is that he is entitled to resentencing based on the Supreme Court's decision in United

1

1   States v. Taylor, 142 S. Ct. 2015 (2022).   In Taylor, the court

2   found that attempted Hobbes Act robbery under 18 U.S.C. § 1951(a)

3   is not a "crime of violence" under 18 U.S.C. § 924(c), which

4   authorizes enhanced sentences for crimes involving the use of a

5   firearm in connection with a crime of violence.[1]   Defendant

6   appears to contend that this court sentenced him based on a

7   finding that his crime was a crime of violence, contrary to

8   Taylor.

9         As an initial matter, there is no doubt that the

10  conduct of defendant in this case was violent.   The defendant

11  tazed an armored car guard in a "cold calculated robbery"

12  attempt.   (Sentencing Tr. at 10 (Docket No. 149.)   However, this

13  court did not find that the offenses at issue were "crimes of

14  violence" under 18 U.S.C. § 924(c), which would have allowed a

15  sentencing enhancement.   Defendant was not charged under 18

16  U.S.C. § 924(c), and the court did not consider that statute at

17  sentencing.

18        The court acknowledges that the presentence report,

19  which the court adopted, found that defendant was a career

20  offender, and the career offender guideline, U.S.S.G. §

21  4B1.1(a)(2), requires that "the instant offense of conviction is

22  a felony that is either a crime of violence or a controlled

23  substance offense."   See U.S.S.G. § 4B1.1(a)(2).   It is

24  questionable whether defendant's convictions for conspiracy to

25  _____

26       [1]   Specifically, the Supreme Court held in Taylor that
    attempted Hobbes Act robbery is not a crime of violence because
27  "no element of attempted Hobbes Act robbery requires proof that
    the defendant use, attempted to use, or threatened to use force."
28  142 S. Ct. at 2021.

1  interfere with commerce by robbery and interference with commerce

2  by attempted robbery and aiding and abetting are "crimes of

3  violence" under the career offender guideline, in light of

4  Taylor.

5      However, the presentence report's determination that

6  defendant was a career offender had no effect on his Guidelines

7  range or the ultimate sentence.  The PSR found that defendant had

8  a criminal history category of VI based on his extensive criminal

9  history, and noted that this category remained VI after finding

10 he was a career offender.  (Docket No. 54 at 9-12.)  Defendant's

11 career offender status also had no effect on the PSR's prior

12 calculation that defendant's adjusted offense level was 33 and

13 total offense level was 30 after a 3-level reduction for

14 acceptance of responsibility.  (Docket No. 54 at 9.)

15     The court ultimately adopted the PSR's determination

16 that the criminal history category was VI and the total offense

17 level was 30.  (Sentencing Tr. 9.)  The court also adopted the

18 parties' stipulated guidelines range of 224 to 240 months for the

19 offenses in this case in combination with defendant's supervised

20 release violation in Case 2:02-cr-241 WBS, and sentenced

21 defendant to 210 months in Case No. 2:12-cr-241 and 14 months in

22 Case No. 2:02-cr-449 WBS.  (Id. at 12-15; see also Docket No.

23 60.)  Ultimately, because defendant's career offender status had

24 no effect on his sentencing range under the Guidelines nor on his

25 eventual sentence, the Supreme Court's pronouncements regarding

26 attempted Hobbes Act robbery in Taylor do not require

27

28

1   resentencing in this case.[2]

2   II.   <u>Physical Restraint Enhancement</u>

3           Defendant's second argument is that he should not have

4 received a two-point enhancement to his offense level for

5 physical restraint of a victim under U.S.S.G. § 2B3.1(b)(4)(B).

6 He contends that the Sentencing Guidelines define physical

7 restraint as "being tied, bound, or locked u. [sic]," because

8 "[t]he use of a Tasser [sic] is dissimilar than [sic] having been

9 tied or bound."  (Docket No. 142 at 5.)[3]

10           However, as explained by <u>United States v. Foppe</u>, 993

11 F.2d 1444 (9th Cir. 1993), the application note 1 of § 2B3.1

12 states that "'[p]hysically restrained' means the forcible

13 restraint of the victim <u>such as</u> by being tied, bound, or locked

14 up," and "[t]he use of the phrase 'such as' makes it clear that

15 'being tied, bound, or locked up' are merely illustrative

16 examples of physical restraint."  <u>Id.</u> at 1452 (citing <u>United</u>

17 <u>States v. Doubet</u>, 969 F.2d 341, 346 (7th Cir. 1992).  The <u>Foppe</u>

18 panel further held that "[t]he Guidelines do not distinguish

19 between long and short-term restraint," and restraint is defined

20 as "(1) the act of holding back from some activity or (2) by

21

22       [2]    Because the court determines that the PSR's finding
that defendant was a career offender had no effect on his

23 Guidelines range or sentence, it need not decide whether
attempted Hobbes Act robbery is a crime of violence under the

24 career offender guideline.  However, even assuming that defendant
was not a career offender under § 4B1.1 in light of <u>Taylor</u>, the

25 court would not change the sentence imposed in this case.

26

27       [3]    Defendant's counsel raised a similar objection to the
draft presentence report (<u>see</u> Docket No. 54-2), but withdrew this
objection at sentencing (<u>see</u> Docket No. 149 at 8).

28

1  means of force, an act that checks free activity or otherwise

2  controls."  Id.  The panel also stated that "'[f]orcible' means

3  effected by the use of force."  Id. at 1452-53.  In other words,

4  the physical restraint enhancement encompasses conduct much

5  broader than the comment's examples of being tied, bound, or

6  locked up.

7       Here, under the Foppe decision, using a Taser on an

8  armored car guard in an attempt to subdue him as part of an

9  attempted robbery, as defendant did, is clearly forcible

10  restraint under the Guidelines.  Accordingly, the court did not

11  err in applying this enhancement.

12       For the foregoing reasons, defendant Eason's motion for

13  relief under 28 U.S.C. § 2255 (Docket No. 142) is DENIED.[4]

14       IT IS SO ORDERED.

15  Dated:  October 10, 2023

16  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

27  [4]  Because the court finds that defendant's arguments fail
    on the merits, it does not address the government's contentions

28  that his claims are time-barred or waived.