UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>RAYMELL LAMAR EASON,<br><br>        Defendant. | No. 2:12-cr-241 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Raymell Lamar Eason has filed a motion for appointment of counsel to assist him in filing a motion for compassionate release or reduction of sentence. (Docket No. 156.) It is unclear what the basis would be for defendant's intended motion, but it appears that defendant may seek a reduction of sentence under Amendment 821 to the sentencing guidelines, based on his reference to "the new amendments as of November 1, 2023."

The court addressed a similar motion defendant filed in 2020. There, the court explained that "[t]here is no Sixth

1

Amendment or statutory right to counsel for a motion under 18 U.S.C. § 3582(c)."  (Docket No. 99 (citing United States v. Bond, Case No. LA CR94-563 JAK, 2020 WL 4340257, at *1 (C.D. Cal. Feb. 25, 2020); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); and United States v. Whitebird, 55 F.3d 1007, 1010-11 (5th Cir. 1995)).)  The court also found that defendant had not shown good cause to appoint counsel for his compassionate release motion, noting that numerous defendants had filed compassionate release motions seeking modification of their sentences on account of COVID-19 and their particular circumstances, defendant had already filed such a motion, and it was not clear what assistance defendant required.

The same considerations apply to defendant's new request for appointment of counsel.  Defendant has filed multiple pro se motions challenging his conviction or sentence or seeking a reduction of sentence, notwithstanding the various "lockdowns" he has experienced and purported difficulties he has had accessing the law library.  The court also notes that numerous defendants have filed pro se motions for reduction of sentence under Amendment 821.  Thus, it is not clear what assistance defendant requires which would warrant appointment of counsel.  Accordingly, the request for appointed counsel is DENIED.

IT IS SO ORDERED.

Dated:  December 4, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2